UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DAMIEN A. SUBLETT,         )
                           )
    Plaintiff,              )    Civil No. 0:18-078-HRW
                           )
v.                          )
                           )
JASON S. HOWARD,            )    **MEMORANDUM OPINION**
                           )    **AND ORDER**
    Defendant.              )
                           )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Damien A. Sublett is an inmate at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding without an attorney, Sublett recently filed a civil rights complaint with this Court. [D. E. No. 1].

Sublett alleges that, on July 3, 2018, a prison officer impermissibly searched him simply because he is Muslim and was attending a religious service. [*Id.* at 2-3]. Sublett further alleges that he told the officer that his conduct was discriminatory and that the officer "became belligerent" in response. [*Id.* at 3]. Sublett then alleges that he asked to speak with the officer's supervisor, but that the officer started screaming at him and ordered him to leave the area. [*Id.*].

Sublett alleges that, the next day, the officer issued him "a disciplinary report for a possible disruption." [*Id.* at 4]. Sublett then alleges that he "was seen for this

1

disciplinary report on July 12, 2018 and was found guilty and sentenced to 15 day[s] [of] disciplinary segregation." [*Id.*]. Finally, Sublett alleges that he appealed the disciplinary decision to the Warden, but the Warden ultimately denied his appeal. [*Id.*].

Sublett then filed his civil rights complaint with this Court. Sublett does not directly challenge the prison's decision to discipline him for the incident in question; instead, he claims the officer violated his First Amendment rights by (1) searching him simply because of his religious beliefs and (2) retaliating against him for complaining about the officer's behavior. [*Id.* at 4-5, 8]. Sublett is seeking monetary damages and injunctive relief. [*Id.* at 8].

This Court, however, will dismiss Sublett's complaint without prejudice because it is apparent from his submission that he has not yet fully exhausted his administrative remedies with respect to his First Amendment claims. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (indicating a district court may sua sponte dismiss a complaint when it is apparent the claim is barred by an affirmative defense); *Fletcher v. Myers*, No. 5:11-cv-141-KKC (E.D. Ky. 2012), *aff'd*, No. 12-5630 (6th Cir. 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."). After all, the Kentucky Department of Corrections' inmate grievance procedure involves four steps: (1) an

2

initial written grievance and informal resolution, (2) a grievance committee hearing, (3) an appeal to the Warden, and (4) an appeal to the Commissioner. *See* Ky. Corr. Policies & Procedures 14.6(J). And, in this case, Sublett indicates that he merely made an "oral grievance" regarding his claims. [D. E. No. 1 at 6]. In fact, Sublett explains that the "oral grievance" to which he is referring is simply his initial oral complaint that he made directly to the prison officer who allegedly discriminated against him. [*Id.*]. Thus, it is clear from Sublett's submission that he has not yet completed Kentucky's four-step grievance process.

To be sure, Sublett does state in his complaint that he "made an oral grievance" to the officer and thereafter "received a disciplinary write up *which avert prevent the document grievance.*" [D. E. No. 1 at 6 (emphasis added)]. Sublett appears to be suggesting that the officer's alleged retaliation somehow prevented him from fully completing the formal grievance process with respect to his claims. But Sublett does not allege that prison administrators thwarted him from taking advantage of the grievance process, which would have meant that the internal grievance procedures were not truly available to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). Instead, Sublett makes it clear that internal grievance procedures *were* available to him; after all, he repeatedly acknowledges that he was able to appeal the disciplinary decision to the Warden, who denied his appeal. [D. E. No. 1 at 4, 6]. Since Sublett makes it clear that internal grievance procedures were

3

available to him, and he has not yet fully exhausted those procedures with respect to his First Amendment claims, the Court will dismiss his complaint without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Sublett's complaint [D. E. No. 1] is **DISMISSED** without prejudice. Sublett may file a new complaint regarding his claims once he has fully exhausted his administrative remedies.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This ___ day of August, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge